# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

CHRISTIE LEE ANN HELEN
VAN OORT,

        Petitioner,

vs.

DIANN WILDER TOMLINSON,

        Respondent.

No. C07-4088-MWB

**REPORT AND RECOMMENDATION
ON PETITION FOR WRIT OF
HABEAS CORPUS**

_____

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    A.  Procedural Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        1.    District Court Proceedings  . . . . . . . . . . . . . . . . . . . . . . 2
        2.    Direct Appeal, Iowa Court of Appeals . . . . . . . . . . . . . . 3
        3.    Direct Appeal, Iowa Supreme Court  . . . . . . . . . . . . . . 5
        4.    PCR Review  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    B.  Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II.  DISCUSSION OF VAN OORT'S CLAIMS . . . . . . . . . . . . . . . . . . . . . 9
    A.  Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    B.  Ground One: Failure to Investigate Causation . . . . . . . . . . . . . . 12
        1.    Failure to exhaust  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
        2.    Procedural default . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
        3.    Merits of Ground One  . . . . . . . . . . . . . . . . . . . . . . . . 25
    C.  Ground Two: Effects of Medications and Mental Illness on Guilty Plea . 29
        1.    Deferential review . . . . . . . . . . . . . . . . . . . . . . . . . . . 32
        2.    Van Oort's Arguments . . . . . . . . . . . . . . . . . . . . . . . . 35
        3.    Merits of Ground Two  . . . . . . . . . . . . . . . . . . . . . . . . 36
            a.  Unreasonable application of established federal law  . . . . . 36
            b.  Unreasonable determination of the facts in light of
            the evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

III.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

## I. INTRODUCTION

The petitioner Christie Lee Ann Helen Van Oort pled guilty to murder in the second degree in Sioux County, Iowa, District Court, and was given a fifty-year indeterminate sentence. She now comes to this court requesting *habeas corpus* relief under title 28 United States Code section 2254. She asks the court to set aside her conviction and remand the case to the state district court for a new trial.

### A. Procedural Background

#### 1. District Court Proceedings

On January 16, 2003, a trial information was filed in Sioux County District Court charging Van Oort with murder in the first degree in the death of Dick Post. She pled not guilty to the charge. On August 25, 2003, she appeared before Iowa District Court Judge James D. Scott and pled guilty to an amended trial information charging her with murder in the second degree.[1] After Van Oort pled guilty, Judge Scott advised Van Oort as follows:

> Ms. Van Oort, it's my duty under Iowa law to tell you that if you ever want to challenge the correctness of the guilty plea you just made, you need to file what's called a motion in arrest of judgment. In the motion, you should state what you think was done wrong at this hearing. Unless you file that motion, under Iowa law, you'll never be able to challenge or appeal the correctness of the guilty plea you just made. . . . Also, you should realize that this motion would have to be filed at least five days before you are sentenced and no more than 45 days from today. Also, you should realize that you have the right to wait at least 15 days before you are sentenced for a felony.

---

[1] Her guilty plea was pursuant to a plea agreement that provided she would plead guilty to the amended trial information, be sentenced to fifty years in prison, and pay $150,000 restitution to the victim's estate.

Transcript of Plea and Sentencing Hearing, p. 13. Van Oort indicated that she understood, and asked to be sentenced that day. *Id.*

Judge Scott sentenced Van Oort to prison for an indeterminate term not to exceed fifty years. Under Iowa law, she is eligible for parole after serving 70 percent of the sentence, or 35 years.[2]

### 2.    *Direct Appeal, Iowa Court of Appeals*

On September 19, 2003, Van Oort filed a timely notice of appeal. Van Oort raised one issue in her appellate brief: whether she had been "denied her constitutional right to effective assistance of counsel." Appellant's Brief at 3, *State v. Van Oort*, No. 03-1572 (Iowa Sup. Ct., Mar. 18, 2004). She claimed her trial counsel were ineffective in the following respects:

> 1. [In failing] to conduct a reasonable investigation into the prior and current mental health status (illness) of Christie Van Oort.
>
> 2. [In failing] to conduct a factual investigation into the death of Dick Post and fail[ing] to interview employees at Valley Manor Nursing Home who were familiar with Christie Van Oort and/or were present on the date of Dick Post's death.
>
> 3. [In failing] to file a Motion to Suppress a statement given by Christie Van Oort to the Sioux County Sheriff's Department during an approximately six (6) hour custodial interrogation.[3]
>
> 4. [In advising her] to waive her rights to file a Motion in Arrest of Judgment pursuant to Iowa Rule of Criminal Procedure 2.24(3) thereby precluding [her] from challenging her guilty plea on appeal.

---

[2]If she had been convicted of first-degree murder, the judge would have been required to impose a sentence of life imprisonment with no possibility of parole.

[3]In the statement, Van Oort gave a detailed confession, stating that she had intentionally killed Dick Post because she was angry with him.

*Id.* at 4-5. Van Oort did not ask that her conviction be set aside, but requested the court to order "that the issue of ineffective assistance of counsel be preserved for postconviction relief so that a hearing can be held and a full record developed surrounding these issues and the conduct of trial counsel." *Id.* at 12.

The case was referred to the Iowa Court of Appeals, which affirmed Van Oort's conviction. *State v. Van Oort*, 690 N.W.2d 695 (table), 2004 WL 1854097 (Iowa Ct. App., July 14, 2004) ("*Van Oort I*")). In ruling on her ineffective assistance-of-counsel claims, the court held as follows: "Ordinarily, we preserve ineffectiveness claims raised on direct appeal for postconviction relief to allow full development of the facts surrounding counsel's conduct. *Berryhill v. State*, 603 N.W.2d 243, 245 (Iowa 1999). Only in rare cases will the trial record alone be sufficient to resolve the claim. *Id.*" *Van Oort I* at *2.

The court noted it was "undisputed that, in accepting Van Oort's guilty plea, the district court engaged in the proper colloquy." *Van Oort I* at *2. The court observed that under Iowa law, "[e]ntry of a guilty plea . . . waives all defenses and objections which are not intrinsic to the plea itself." *Van Oort I* at *3 (citing *State v. Speed*, 616 N.W.2d 158, 159 (Iowa 2000) ("*Speed II*")). "Ineffective assistance claims which do not bear on the knowing and voluntary nature of a plea will not survive the entry of a guilty plea." *Id.* The court pointed out,

> Van Oort did not file a motion in arrest of judgment to challenge any alleged infirmities in her plea. She also did not seek to withdraw her plea at sentencing. Normally, this failure means error is not preserved with regard to defects in the plea proceeding. *See State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996). Nevertheless, this omission will not bar a challenge to a guilty plea if the failure to file a motion in arrest of judgment resulted from the ineffective assistance of counsel. *Id.*

*Van Oort I* at *2.

The court ruled that one of Van Oort's claims, that trial counsel were ineffective in not filing a motion to suppress, had not survived her guilty plea because the claim did not

4

"bear on the knowing and voluntary nature of her plea." *Id*. The court ruled, however, that the following three claims were preserved for postconviction relief: (1) trial counsel were ineffective in waiving the time for sentencing, which thereby denied her the opportunity to file a motion in arrest of judgment and to appeal from her guilty plea;[4] (2) trial counsel were ineffective in not investigating Van Oort's mental health problems; and (3) trial counsel were ineffective in not investigating the circumstances surrounding Post's death. *Id*. at **3-4.

### 3.    Direct Appeal, Iowa Supreme Court

The State sought further review. On November 29, 2004, the Iowa Supreme Court issued a summary order vacating the decision of the Iowa Court of Appeals and ruling, "We preserve for a possible postconviction relief proceeding only defendant's claim of ineffective assistance of counsel regarding the waiver of the time for sentencing." *State v. Van Oort*, No. 03-1572 (Iowa Sup. Ct., Nov. 29, 2004); Doc. No. 22-2, Habeas Appendix ("App.") at 13 (citing *State v. Bass*, 385 N.W.2d 243, 245 (Iowa 1986) (the court normally will preserve an ineffective-assistance-of-counsel claim for a postconviction relief proceeding)).

### 4.    PCR Review

On March 18, 2005, Van Oort filed an application for postconviction relief ("PCR") in Sioux County District Court. After a bench trial, the application was denied. App. at 15-81. Van Oort appealed, and her appeal again was referred to the Iowa Court of Appeals. The  court affirmed the denial of her petition. *Van Oort v. State*, 730 N.W.2d 209 (table), 2007 WL 601564 (Iowa Ct. App., Feb. 28, 2007) ("*Van Oort II*"). Van Oort filed an application for further review, and on May 15, 2007, the Iowa Supreme Court denied the application without opinion. App. at 91.

---

[4]The court amplified this issue, as follows: "Specifically, Van Oort argues the combination of medicines she was taking at the time of her guilty plea may have affected her ability to knowingly and intelligently enter a plea." *Van Oort I* at *3.

On October 5, 2007, Van Oort filed a petition for *habeas corpus* relief in this court pursuant to 28 U.S.C. § 2254. Doc. No. 1. On June 30, 2008, she filed her brief on the merits. Doc. No. 18. On July 24, 2008, this action was referred to the undersigned for a submission of a report and recommended disposition of the case. Doc. No. 19. On September 26, 2008, the respondent ("the State") filed a response. Doc. No. 22. Van Oort filed a reply brief on October 28, 2008. Doc. No. 25. On February 25, 2009, the court heard oral arguments. The matter now is fully submitted.

## B. Factual Background

The underlying facts in this case were summarized by the Iowa Court of Appeals in *Van Oort I* as follows:

> Christie Van Oort is a Canadian citizen who was approved for conditional residence status in the United States. She was employed by Valley Manor Nursing Home in April 2002 as a nurse's aide. On April 16, 2002, Van Oort was feeding pureed food to eighty-seven year-old resident Dick Post, who suffered from Parkinson's disease. Post's gag reflex was absent, making it difficult for him to swallow. Post received his medications intravenously.

> Sometime during the feeding, Van Oort summoned a nurse to attend to Post who was no longer breathing. The nurse did not find evidence of forced feeding or food in Post's mouth or throat. Post, who had executed a no resuscitation order, died.

> Van Oort told her co-workers she had killed Post. It was believed Post died of natural causes, and that Van Oort was simply upset Post died during the feeding and she somehow felt responsible for his accidental choking or strangulation. The authorities were not notified of Post's statements at that time.

> On October 2, 2002, Van Oort called the National Customer Service Center of the United States Immigration and Naturalization Services (INS) in New York. Van Oort told

INS agent Felicia Peprah-Mensah that she had killed someone and that she couldn't go to sleep because she knew what she had done was wrong. Van Oort told Peprah-Mensah that she was feeding an elderly man named Dick a puree of vegetable soup when she became angry and shoved the food down his throat until he could no longer breathe or swallow. Van Oort said she then ran out of the room, knowing he would die. She stated she ran out of the room because she did not want to get caught. Peprah-Mensah reported this information to her supervisor.

On November 19, 2002, a Supervisory Special Agent of the INS office in Sioux City contacted Sioux County Sheriff Jim Schwiesow [to report Van Oort]'s call to Peprah-Mensah. Post's body was disinterred for an autopsy, which revealed aspirated food in the lungs and food lodged in Post's throat. Post's cause of death was determined to be from aspiration and asphyxiation on a large amount of food. Dr. Randall, a forensic pathologist, concluded the amount of food would have been more than any person would have been able to accidentally choke on.

On December 3, 2002, law enforcement officers arrived at Van Oort's home and asked to speak with Van Oort about the events of April 16, 2002. Van Oort agreed to voluntarily go to the Sheriff's Department for an interview. Before the interview began, Van Oort stated she was guilty, she knew what she had done was wrong, and she was going to spend the rest of her life in jail. Van Oort stated she had murdered Post, and that she had planned it before going to Post's room. Van Oort said Post said things to her that would make her angry, and that she was reminded how she did not have a relationship with her own father who had physically, mentally, and emotionally abused her. Van Oort recounted in detail how she had killed Post.

Sioux County Sheriff Jim Schwiesow interviewed Van Oort's husband, who did not appear surprised by the allegations his wife had killed Post. Nathan Van Oort informed Schwiesow that the nursing home had arranged for in-patient psychiatric treatment of his wife on two different occasions.

On January 16, 2003, Van Oort was charged with the
first-degree murder of Dick Post. On August 25, 2003, Van
Oort pled guilty to second-degree murder. At the time, Van
Oort was taking the following medications to treat anxiety and
depression: Paxil, Risperdal, Clonazepam, and Seroquel. She
had to be transferred from Osceola County jail after making
several attempts to commit suicide.

It is undisputed that, in accepting Van Oort's guilty plea, the
district court engaged in the proper colloquy. Although she
was advised of her right to file a motion in [] arrest of
judgment to challenge her guilty plea, Van Oort waived time
for sentencing and was sentenced at the conclusion of the plea
hearing. Van Oort was sentenced to fifty-years imprisonment.

*Van Oort I*, 2004 WL 1854097 at **1-2. The foregoing factual summary is included in

this opinion for background purposes only, because the decision of the Iowa Court of

Appeals was vacated by the Iowa Supreme Court. *See United States v. Jerry*, 487 F.2d

600, 607 (3d Cir. 1973) ("when a court vacates an order previously entered, the legal

status is the same as if the order never existed"); *see also Animal Legal Defense Fund v.*

*Veneman*, 490 F.3d 725, 730 (9th Cir. 2007) (a vacated opinion is a legal nullity) (citing

*U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 22, 115 S. Ct. 386, 130

L. Ed. 2d 233 (1994)).

After the PCR trial, the facts of the case were summarized in detail in a sixty-seven-

page opinion by Iowa District Court Judge John D. Ackerman, App. at 15-81, and then

again briefly, as follows, by the Iowa Court of Appeals in its opinion in the PCR appeal:

On January 16, 2003, Van Oort was charged with first-degree
murder for the death of eighty-seven year old Dick Post, a
resident of Memorial Valley Manor nursing care facility where
Van Oort worked. Van Oort, a Canadian citizen, told an
immigration agent that she had been feeding the victim when
she became angry and shoved food down his throat until he
could no longer breathe or swallow. After exhumation of the

body, an autopsy revealed the cause of death to be asphyxia-
tion on a large amount of food.

Van Oort was represented by three attorneys. Curtis Puetz
was originally appointed to represent her. About a month
later, Greg Jones, the Chief Public Defender, was appointed
and he was assisted by Mike Williams of the public defender's
office. Mr. Puetz was permitted to remain on the case as he
was familiar with the defendant and her family. On
August 25, 2003, Van Oort entered a guilty plea to second-
degree murder. Van Oort also waived her right to the
fifteen-day waiting period for sentencing. On appeal to this
court, the conviction and sentence were affirmed and several
issues preserved for postconviction relief. *State v. Van Oort*,
No. 03-1572 (Iowa Ct. App. July 14, 2004). Further review
by the Supreme Court narrowed the issues preserved. Van
Oort filed an application for postconviction relief which was
denied by the trial court on November 23, 2005. Van Oort
appeals.

*Van Oort II*, 2007 WL 601564 at *1.

## II. DISCUSSION OF VAN OORT'S CLAIMS

### A. Introduction

In her petition in this court, Van Oort asserts two separate grounds for relief,
designated "Ground One" and "Ground Two." Doc. No. 1 at 5-7. Both grounds are
worded identically: "Van Oort's waiver of time for sentencing and failure to file a Motion
in Arrest of Judgment challenging her guilty plea as involuntary and unknowing resulted
from ineffective assistance of trial counsel." However, the facts alleged in support of each
ground are different. In support of Ground One, Van Oort alleges the following facts:

Trial counsel failed to investigate and thereafter, explain to
Applicant that the proximate cause of alleged victim's death
was not the result of her actions, but that the victim died as a
result of complications of his Parkinson's Disease with
aspiration of gastric contents, in other words, food coming up

9

from the stomach as opposed to food being forced into the mouth and getting stuck in the airway. The death was not caused by Van Oort's actions.

*Id*. at 6. In support of Ground Two, she alleges the following facts:

Trial counsel failed to investigate the adverse affects upon Applicant of the medication she was taking at the time of her plea – a combination of anti-psychotic and anti-depressant medications (Paxil, Risperdal, Clonazepan [sic] and Seroquel), which along with her severe mental illness, rendered her plea of guilty involuntary and unknowing.

*Id*. at 8.

After entering her guilty plea, Van Oort waived the fifteen-day waiting period for sentencing[5] and agreed to be sentenced immediately. Under Iowa law, a motion in arrest of judgment must be filed not later than five days before sentencing,[6] so by waiving time for sentencing, Van Oort effectively denied herself any opportunity to file a motion in arrest of judgment. The failure to file a motion in arrest of judgment ordinarily means "error is not preserved with regard to defects in the plea proceeding." *Van Oort I* at *2 (citing *State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996)); *see* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). Thus, under Iowa's procedural rules, upon being sentenced Van Oort was precluded from challenging her guilty plea.

One exception to this procedural barrier is where the failure to file a motion in arrest of judgment resulted from the ineffective assistance of counsel, *see State v. Brooks,*

---

[5]*See* Iowa R. Crim. P. 2.23(1) ("Upon a plea of guilty . . ., the court must fix a date for pronouncing judgment, which must be within a reasonable time but not less than 15 days after the plea is entered . . ., unless defendant consents to a shorter time.").

[6]*See* Iowa R. Crim. P. 2.24(3)(b) ("The motion must be made not later than 45 days after plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction may be rendered, but in any case not later than five days before the date set for pronouncing judgment.").

555 N.W.2d 446, 448 (Iowa 1996), but this exception is limited. "[I]f the undercurrent of the ineffective assistance claim is an issue designed to question the validity of the conviction, it, too, is waived." *Van Oort I* at *3 (citing *State v. LaRue*, 619 N.W.2d 395, 398 (Iowa 2000)). "Ineffective assistance claims which do not bear on the knowing and voluntary nature of a plea will not survive the entry of a guilty plea." *Van Oort I* at *3 (citing *Speed II*, 616 N.W.2d at 159).

In ruling on Van Oort's direct appeal, the Iowa Supreme Court preserved for further review only her "claim of ineffective assistance of counsel regarding the waiver of the time for sentencing." In this Section 2254 action, Van Oort argues the issue actually preserved is somewhat broader; i.e., whether her "waiver of time for sentencing *and failure to file a Motion in Arrest of Judgment challenging her guilty plea as involuntary and unknowing* resulted from ineffective assistance of trial counsel." Doc. No. 1 at 5-7 (emphasis provided). She then attempts to shoehorn into this broadened issue all of the claims included within Ground One and Ground Two.

Looking at the component claims of Ground One, Van Oort is alleging, in effect, all of the following: (a) her trial counsel did not investigate the possible causes of Dick Post's death; (b) if they had conducted a proper investigation, they would have learned that Van Oort did not cause Dick Post's death; (c) if they had communicated this information to Van Oort, she would not have pled guilty or waived the fifteen-day waiting period for sentencing; (d) if she had not waived the waiting period for sentencing, she would have filed a motion in arrest of judgment challenging her guilty plea; and (e) if she had filed a motion in arrest of judgment, she would have been permitted to withdraw her plea and would have proceeded to trial.

Looking at the component claims of Ground Two, Van Oort is alleging, in effect, all of the following: (a) her trial counsel did not investigate the effects of the medications she was taking at the time of her plea or how those medications, along with her mental

health problems, affected her competence at the time of the plea hearing; (b) if they had conducted this investigation, they would have learned that she was not competent either to enter a knowing and voluntary guilty plea or to waive the fifteen-day waiting period for sentencing; (c) if they had known she was not competent to plead guilty or to waive time for sentencing, they would not have allowed her to plead guilty or waive the fifteen-day waiting period for sentencing; (d) if she had not waived the waiting period for sentencing, she would have filed a motion in arrest of judgment challenging her guilty plea; and (e) if she had filed a motion in arrest of judgment, she would have been permitted to withdraw her plea and would have proceeded to trial.

The court will address both of Van Oort's grounds for relief.

## B.  Ground One: Failure to Investigate Causation

Van Oort alleges her trial counsel did not investigate the possible causes of Dick Post's death, and if they had, they would have learned that Van Oort had not caused his death, and would have advised her to reject the plea agreement.  The State argues this claim was not exhausted in state court.  The State further argues the claim is procedurally defaulted as a result of Van Oort's guilty plea.  The State contends Ground One is, in fact, nothing more than a belated attempt to claim actual innocence.  Doc. No. 22, p. 17.

### 1.  Failure to exhaust

The State argues that Van Oort failed to raise Ground One in the state court, and therefore, she has failed to exhaust her state court remedies and this claim should be dismissed.  To address this argument, the court must determine whether or not Ground One was presented to the state courts.  This question is not as easy as it might appear because Ground One, as presented to this court, does not directly correspond to any of the four issues raised by Van Oort in state court.

In her direct appeal, Van Oort claimed trial counsel were ineffective in: (1) failing to conduct a reasonable investigation into her prior and current mental health status; (2) failing to conduct a factual investigation into the death of Dick Post; (3) failing to file a motion to suppress her confession; and (4) advising her to waive her rights to file a motion in arrest of judgment. Appellant's Brief at 4-5, *State v. Van Oort*, No. 03-1572 (Iowa Sup. Ct., Mar. 18, 2004). The Iowa Court of Appeals dismissed claim (3), the "motion to suppress" issue, but rearranged, recombined, and preserved for PCR review claims (1), (2), and (4). *See Van Oort I* at **3-4. The Iowa Supreme Court vacated the decision of the court of appeals and, without any explanation, preserved for PCR review only a claim that Van Oort's trial counsel were ineffective "regarding the waiver of the time for sentencing." This issue does not match up with any of the four issues actually presented in Van Oort's appeal, nor does it match up with any of the three issues preserved for PCR review by the Iowa Court of Appeals. The issue also does not line up precisely with either Ground One or Ground Two presented to this court.

In the PCR action, both the district court judge, *see* App. at 66, and the Iowa Court of Appeals, *see Van Oort II* at * 2, assumed that the issue preserved by the Iowa Supreme Court was Van Oort's claim that her trial counsel were ineffective when they waived the fifteen-day waiting period for sentencing, *which denied them the opportunity to investigate the effects of the medications she was taking on her competence to plead guilty*. This is broader than the issue described by the Iowa Supreme court, that counsel were ineffective "regarding the waiver of the time for sentencing." Van Oort presented this broader issue to this court as "Ground Two," but with an additional component: she claims the effects of her medications should be viewed after taking into account her mental health problems. Although this reformulated issue does not match the issue preserved for PCR review by the Iowa Supreme Court, the State does not argue that Van Oort failed to exhaust Ground Two.

The State does argue that Van Oort failed to exhaust Ground One, because "she did not expressly tie [her claim that her counsel were ineffective in investigating the merits] to the waiver of time for sentencing issue when she presented her claims to Iowa reviewing courts." Doc. No. 22 at 16. The court disagrees. The four issues Van Oort presented in her direct appeal included all of the components of Ground One and Ground Two. The Iowa Court of Appeals freely rearranged and recombined the four issues and preserved three of them for PCR review. The court of appeals was not concerned with how the issues were organized in Van Oort's appeal brief, so neither is this court. Van Oort gave the Iowa courts a full and fair opportunity to address Ground One.

The United States Supreme Court explained the exhaustion requirement in *Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004):

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*) (quoting *Picard V. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971)). To provide the state with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Duncan, supra*, at 365-366, 115 S. Ct. 887; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).

*Baldwin*, 541 U.S. at 29, 14 S. Ct. at 1349. A *habeas* petitioner "need not place the correct label on his claim, or even cite the Federal Constitution, as long as the substance of the federal claim has been fairly presented." *Duncan v. Henry*, 513 U.S. 364, 367, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (Stevens, J., dissenting) (citing *Picard v. Conner*, 404 U.S. 270, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971)). "A petitioner satisfies the fair presentation aspect of the exhaustion requirement by presenting the essential factual

and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003) (internal quotation marks omitted). As the Eighth Circuit Court of Appeals has explained:

> To satisfy the fair presentation requirement, we traditionally demand that a habeas petitioner have presented "the same legal theories and factual bases to the state courts." *Pollard v. Armontrout*, 16 F.3d 295, 297 (8th Cir. 1994). Nonetheless, "[a]lthough the constitutional substance of a claim must be apparent, it is not necessary to cite 'book and verse on the federal constitution.'" *Satter v. Leapley*, 977 F.2d 1259, 1262 (8th Cir. 1992) (quoting *Picard v. Connor*, 404 U.S. 270, 278, 92 S. Ct. 509, 513-14, 30 L. Ed. 2d 438 (1971)).

*Wyldes v. Hundley*, 69 F.3d 247, 251 (8th Cir. 1995).

Although the Iowa Supreme Court ruled in Van Oort's direct appeal that Ground One was not preserved for PCR review, the Iowa courts nevertheless were fairly presented with the issue and had a full opportunity to address it. In its decision on Van Oort's direct appeal, the Iowa Court of Appeals considered and specifically reserved for PCR review Van Oort's "failure to investigate" and "waiver of time for sentencing" claims. *See Van Oort I* at **3-4. During the PCR trial, the district court judge took extensive evidence on the claims, *see* App. at 15 n.1, and in his order he made specific findings relating to the claims, *see* App. at 75-76 n.9, 77-80, although he did not rule on them because of the Iowa Supreme Court's ruling they were not preserved.[7]

The court finds that Van Oort fairly presented Ground One to the Iowa courts and gave the Iowa Supreme Court a full opportunity to address it. Therefore, she has not failed to exhaust this issue.

---

[7]"This Court concludes that the only issue before the Court in this proceeding is whether trial counsel were ineffective for allowing Ms. Van Oort to waive the 15-day waiting period for sentencing (thereby precluding her from filing a motion in arrest of judgment and challenging her plea on direct appeal) because competent counsel would have known that the medications Ms. Van Oort was taking at the time of her plea precluded her from making a knowing and voluntary plea." App. at 66; *see id.* at 66-68.

## 2.    *Procedural default*

The State argues that Ground One is procedurally defaulted as a result of Van Oort's guilty plea.   In its brief, the State points out, "Under Iowa law a guilty plea which is properly entered under Iowa Rule of Criminal Procedure 2.8(2)(b) 'waives all defenses and objections which are not intrinsic to the plea itself.'" Doc. No. 22 at 16-17 (citing *Speed II*, 616 N.W.2d at 159; *State v. LaRue*, 619 N.W.2d 395, 398 (Iowa 2000)).   Van Oort responds by arguing that this state procedural rule has not been consistently applied by the Iowa Supreme Court, so it cannot be the basis of a procedural default.   Doc. No. 18 at 18.

The "procedural default" doctrine was explained by the court in *Barnett v. Roper*, 541 F.3d 804 (8th Cir. 2008), as follows:

> Federal courts will not review a state court decision that rests on "independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).   This rule applies to bar federal habeas claims that a state has declined to consider because of the prisoner's failure to satisfy a state procedural requirement.   *Id*.   A state procedural rule will not bar enforcement of a federal right, however, unless the rule furthers a legitimate state interest. *James v. Kentucky*, 466 U.S. 341, 348-49, 104 S. Ct. 1830, 80 L. Ed. 2d 346 (1984); *Henry v. Mississippi*, 379 U.S. 443, 447-49, 85 S. Ct. 564, 13 L. Ed. 2d 408 (1965).   Likewise, a state procedural rule will not bar enforcement of a federal right if, although independent and adequate, the rule is applied in an "exorbitant" manner. *Lee v. Kemna*, 534 U.S. 362, 376, 122 S. Ct. 877, 151 L. Ed. 2d 820 (2002).   The adequacy of a state's procedural rule "'is itself a federal question.'" *Id*. at 375, 122 S. Ct. 877 (quoting *Douglas v. Alabama*, 380 U.S. 415, 422, 85 S. Ct. 1074, 13 L. Ed. 2d 934 (1965)).

*Id.*, 541 F.3d at 808-09.   The United States Supreme Court has explained, "In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism."   *Coleman v. Thompson*, 501 U.S. 722, 730, 111

S. Ct. 2546, 2554, 115 L. Ed. 2d 640 (1991). Otherwise, "habeas would offer prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the state's interest in enforcing its laws." *Id*. at 730-31, 111 S. Ct. at 2554.

However, the state procedural rule must be both firmly established and regularly followed. *Wyldes*, 69 F.3d at 252; *see James v. Kentucky*, 466 U.S. 341, 348-49, 104 S. Ct. 1830, 80 L. Ed. 2d 346 (1984) (state procedural rule is adequate only if it is a "firmly established and regularly followed state practice."). Only a firmly established and regularly followed state practice is a procedural bar to federal *habeas* review. *Ford v. Georgia*, 498 U.S. 411, 423-24, 111 S. Ct. 850, 112 L. Ed. 2d 935 (1991). "[S]tate procedural rules not strictly or regularly followed may not bar [federal court] review." *Dixon v. Dormire*, 263 F.3d 774, 781 (8th Cir. 2001) (quoting *Ford*, 498 U.S. at 424, 111 S. Ct. at 857). A state court's finding of procedural default is not reviewable if the finding is based on "independent and adequate state law grounds." *Wyldes*, 69 F.3d at 252 (citing *Oxford v. Delo*, 59 F.3d 741, 744 (8th Cir. 1995)).

In Van Oort's direct appeal, the Iowa Supreme Court preserved one issue for PCR review, ineffective assistance of counsel "regarding the waiver of the time for sentencing," implicitly ruling that the other issues, including the "failure to investigate" issue, were not preserved for PCR review. The court gave no reason for its ruling. The court may have considered the "unpreserved" issues to have been procedurally defaulted, but it did not say so.

After the PCR trial, the district court made extensive findings on the "failure to investigate" issue, *see* App. at 26-42, 46-53, but then, based on the decision of the Iowa Supreme Court in the direct appeal, found the issue had not been preserved. App. at 66. On appeal, the Iowa Court of Appeals did not address the district court's findings on the "failure to investigate" issue, but simply agreed that the issue had not been preserved,

holding as follows: "We find the district court was correct that the only issue preserved for postconviction relief is 'whether trial counsel were ineffective for allowing [Van Oort] to waive the fifteen-day waiting period for sentencing (thereby precluding her from filing a motion in arrest of judgment and challenging her plea on direct appeal) because competent counsel would have known that the medications [Van Oort] was taking at the time of her plea precluded her from making a knowing and voluntary plea of guilty.'" *Van Oort II*, 2007 WL 601564 at **1-2 (quoting from the district court decision, App. at 66). In reviewing Van Oort's conviction, no state court addressed procedural default or based a ruling on an analysis of the doctrine.

The State argues that Ground One is procedurally defaulted because of Van Oort's guilty plea and her failure to file a motion in arrest of judgment. Ordinarily, this court would conduct a deferential review of the state court's decision on this issue, but here, the state court never addressed the issue. When the state court does not supply reasoning for its decision, an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law. *See Delgado v. Lewis*, 223 F.3d 976, 981-82 (9th Cir. 2000). Where, as here, the state court did not adjudicate the issue at all, the court has no choice but to conduct a *de novo* review. *See DiBenedetto v. Hall*, 272 F.3d 1, 7 (1st Cir. 2001) ("Faced with state court opinions that do not decide constitutional claims raised by the defendant, [our precedent] requires that federal courts apply de novo review to the federal constitutional claims raised in habeas petitions."); *LaFevers v. Gibson*, 182 F.3d 705, 711 (10th Cir. 1999) (same).

The principle that a guilty plea bars all defenses not intrinsic to the guilty plea itself is firmly established under Iowa law. *See Speed II*, 616 N.W.2d at 159. A defense is intrinsic to the plea if it bears on the knowing and voluntary nature of the plea. *Wise v. State*, 708 N.W.2d 66, 70 (Iowa 2006) (citing *Manning v. State*, 654 N.W.2d 555, 561 (Iowa 2002) (defendant was misled by his attorney about the sentence he would receive)).

Van Oort does not dispute this principle, or argue that it is not firmly established. Instead, she argues that the Iowa Supreme Court has not consistently applied the principle, and therefore, it cannot be the basis of a procedural default. *See* Doc. No. 18 at 15-18. To support this argument, she points to a number of cases in which she claims the principle was not applied. The court will examine each of these cases.

In *State v. Howard*, 695 N.W.2d 334 (table), 2004 WL 2952058 (Iowa Ct. App., Dec. 22, 2004), the defendant pled guilty to two charges, eluding and theft. On appeal, he claimed ineffective assistance of counsel. Van Oort argues that in deciding the appeal, the Iowa Court of Appeals addressed the merits rather than applying the procedural bar. Doc. No. 18 at 16. This is not accurate.

The court in *Howard* described the guilty plea procedural bar as follows:

> Following a defendant's guilty plea, we will only hear an ineffective assistance claim that "bears on the knowing and voluntary nature of the plea." *State v. Speed*, 616 N.W.2d 158, 159 (Iowa 2000); *see also State v. LaRue*, 619 N.W.2d 395, 397 (Iowa 2000). Where "the undercurrent of the ineffective assistance claim is an issue designed to question the validity of the conviction" the claim is waived by the plea agreement and conviction. *Id.* at 398. Challenges attacking the evidentiary basis for the conviction do not survive the entry of a guilty plea. *Id.*

*Howard*, 2004 WL 2952058 at *3.

With respect to the eluding charge, the court held, "Howard's arguments do not challenge the knowing or voluntary nature of his plea. . . . By entering the plea, Howard waived the arguments he now raises as to the eluding charge. Howard cannot raise these arguments now as part of an ineffective assistance claim." *Id.* at *4. On the theft charge, the court found the defendant's argument concerning the valuation of the stolen items "does have bearing on the knowing and voluntary nature of the plea," so the court proceeded to discuss the argument on the merits. *Id.* The court did not ignore the

19

procedural bar rule, but applied the rule according to its terms to the defendant's different arguments on appeal. On one claim, the court found the defendant's arguments did not challenge the knowing and voluntary nature of the plea, and held the argument was procedurally barred. On the other claim, the court found it did bear on the knowing and voluntary nature of the plea, and considered the claim on the merits.

In *Berryhill v. State*, 603 N.W.2d 243 (Iowa 1999), on direct appeal the defendant did not pursue an ineffective assistance of counsel claim, but then asserted the claim in a PCR action. The district court denied the claim based on failure to exhaust. The defendant appealed. The Iowa Supreme Court held the defendant had failed to establish sufficient reason for failing to raise his claim of ineffective assistance of trial counsel on direct appeal. *Id.* at 246. The decision in *Berryhill* has nothing to do with the issue presented in the present case.

Van Oort cites *Jones v. State*, 479 N.W.2d 265 (Iowa 1991), for the proposition that, "In order to establish cause for failing to raise an issue on direct appeal and thus preserve it for post conviction, the *Strickland/Washington* standard should be applied." Doc. No. 18 at 17 (referring to *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984); and *Washington v. Scurr*, 304 N.W.2d 231, 235 (Iowa 1981)); *see* Doc. No. 18 at 16. *Jones v. State* was an appeal from a verdict in a jury trial. The court is unable to discern how this case applies to the issue of procedural default after a guilty plea.

She also cites *State v. Speed*, 573 N.W.2d 594 (Iowa 1998) ("*Speed I*")[8]. In *Speed I*, the defendant pled guilty, but later filed a motion in arrest of judgment and a request to withdraw his guilty plea, claiming his attorney pressured him into pleading guilty and his plea was therefore involuntary. *Speed I*, 573 N.W.2d at 595. The district

---

[8]*Speed I* and *Speed II* are related cases. *Speed I* is the opinion of the Iowa Supreme Court on the defendant's direct appeal. *Speed II* (*State v. Speed*, 616 N.W.2d 158 (Iowa 2000)) is the opinion of the Iowa Supreme Court on the defendant's postconviction appeal.

court denied the motion and the request. On appeal, Speed claimed that "new exculpatory evidence bears upon a defendant's plea because the amount of evidence the State has against a defendant affects the defendant's decision to plead guilty." *Speed I*, 573 N.W.2d at 596. The Iowa Supreme Court held, "This argument fails to distinguish between a defendant's tactical rationale for pleading guilty and a defendant's understanding of what a plea means and his or her choice to voluntarily enter the plea. Any subsequently-discovered deficiency in the State's case that affects a defendant's assessment of the evidence against him, but not the knowing and voluntary nature of the plea, is not intrinsic to the plea itself." *Id*. The court preserved for postconviction review the defendant's claim that he received ineffective assistance of counsel. *Speed I*, 573 N.W.2d at 598. In *Speed II*, the court reaffirmed that after a defendant pleads guilty, the court will consider only an ineffective assistance claim that "bears on the knowing and voluntary nature of the plea." *Speed II*, 616 N.W.2d at 159. Nothing in *Speed I* or *Speed II* supports Van Oort's argument that the Iowa Supreme Court has not consistently applied the rule that a guilty plea bars all defenses not intrinsic to the plea itself.

Van Oort also relies on *State v. Myers*, 653 N.W.2d 574 (Iowa 2003), another case in which a defendant pled guilty but later filed a motion in arrest of judgment and a request to withdraw the guilty plea. The district court denied the motion and the request, and the defendant appealed. The Iowa Court of Appeals reversed the conviction, but on further review, the Iowa Supreme Court vacated the court of appeals' decision and affirmed the judgment of the district court. In her appeal, Myers claimed ineffective assistance of counsel because her attorney had not objected when the district court did not comply fully with the requirements of a guilty plea hearing set out in Iowa Rule of Criminal Procedure 2.8(2)(b). The Iowa Supreme Court applied the "breach of duty" and "prejudice" standards described in *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed. 2d 674, 694 (1984), to this claim. The court first held that the failure of

the defendant's attorney to challenge the adequacy of the plea colloquy constituted a breach of duty. However, the court also held the defendant had failed to establish prejudice because she had not shown there was a reasonable probability that, but for the error, she would not have pled guilty. *Myers*, 653 N.W.2d at 578 (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)).

Van Oort argues the Iowa Supreme Court, in *Myers*, failed to apply the rule that a guilty plea bars all defenses not intrinsic to the plea itself. She is incorrect. In *Myers*, the court was faced with a challenge to the adequacy of a plea colloquy, an issue that concerned directly the knowing and voluntary nature of the plea. The court did not apply the principles of procedural default because those principles did not apply where the defense asserted was intrinsic to the plea itself.

Van Oort also cites *State v. Kress*, 636 N.W.2d 12 (Iowa 2001). In that case, the defendant pled guilty to procurement of prescription drugs by forgery, and received an indeterminate sentence of ten years, with a requirement that she be confined for at least one-third of the indeterminate sentence. Before her plea, the court incorrectly advised her that the sentencing judge had the authority to waive the one-third minimum. When the defendant was sentenced, the judge at first waived the one-third minimum, but then determined that he did not have the authority to do so, and deleted from his sentencing order a provision that would have waived the one-third minimum. The defendant did not file a motion in arrest of judgment, but appealed, claiming ineffective assistance of counsel in two respects: (1) failure to ensure that the court conducted a proper plea colloquy, and (2) failure to file a motion in arrest of judgment challenging the adequacy of the plea proceeding. *Id.* at 16-17.

Applying the *Strickland* standard, the Iowa Supreme Court determined that the defendant had received ineffective assistance of counsel. Iowa Rule of Criminal Procedure 8(2)(b)(2) requires that during a guilty plea hearing, the defendant be advised

of any mandatory minimum punishment. This was not done. The court held that this omission "placed counsel below the range of normal competency in his representation of [the defendant]." *Id*. at 22. The court also held that "prejudice results from what [the defendant] relinquished"; that is, the right to a trial. *Id*. Without addressing the question of procedural default, the court held the defendant's claim was preserved even in the absence of a motion in arrest of judgment because it was premised on ineffective assistance of counsel. *Id*. at 19 (citing *State v. Hildebrant*, 405 N.W.2d 839, 840 (Iowa 1987) (failure to file motion in arrest of judgment due to ineffective assistance of counsel did not preclude appellate review of defendant's contention that there was no factual basis for the guilty plea)).

It does not appear that in *Kress*, the State asserted procedural default, based either on the defendant's guilty plea or her failure to file a motion in arrest of judgment. This is understandable. Procedural default does not apply to an issue that is intrinsic to the plea itself. The issue in *Kress* was the adequacy of the plea colloquy, which is an issue intrinsic to the plea itself, so procedural default was not an issue.

In another case cited by Van Oort, *Smith v. State*, 674 N.W.2d 683 (table), 2003 WL 22806853 (Iowa Ct. App., Nov. 26, 2003), the Iowa Court of Appeals remanded for an evidentiary hearing on a PCR review of a claim by the defendant that he had been coerced into pleading guilty. On appeal, the defendant had claimed, *inter alia*, that the trial court misadvised him at the guilty plea hearing regarding the burden of proof. Again, this was an issue intrinsic to the plea itself.

In *State v. Ryan*, 493 N.W.2d 82 (Iowa App. 1992), the defendant was sentenced as an habitual offender. On appeal, he challenged the sentence based on the allegation that when his attorney had pled him guilty to the predicate offenses, the defendant was not present in the courtroom. The Iowa Court of Appeals affirmed the sentence, holding that

the defendant had failed to show "he unintelligently or involuntarily" entered pleas to the predicate charges. *Id.* at 84. Again, this was a claim intrinsic to the plea itself.

Van Oort cites two additional decisions of the Iowa Court of Appeals, *State v. Stewart*, 2002 WL 31114890 (Iowa Ct. App., Sept. 25, 2002), and *State v. Benson*, 662 N.W.2d 371 (table), 2003 WL 118524 (Iowa Ct. App., Jan. 15, 2003). In each of these cases, the court remanded for evidentiary hearing the issue of whether the failure of defense counsel to give correct advice concerning a statute of limitations was grounds to set aside a plea. While the rulings in these cases are not entirely consistent with the procedural bar discussed in *Speed II*,[9] they are unpublished opinions that, under Iowa law, do "not constitute controlling legal authority." Iowa R. App. P. 6.14(5). In light of contrary controlling authority in numerous Iowa Supreme Court decisions, these two cases fall far short of demonstrating a failure by the Iowa Supreme Court to apply consistently the firmly-established rule that a guilty plea bars all defenses not intrinsic to the plea itself. *See, e.g.*, *Speed II*; *State v. LaRue*, 619 N.W.2d 395 (Iowa 2000); *Wise v. State*, 708 N.W.2d 66, 70 (Iowa 2006); *State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996).

The court finds that because Van Oort pled guilty, her plea waived all defenses and objections not intrinsic to the plea itself. The claims she asserts in Ground One all arise out of the adequacy of trial counsels' investigation into the merits, claims not intrinsic to the plea itself. *See Speed II* at 159 (claims arising from counsel's failure to investigate do not survive the entry of a guilty plea); *LaRue*, 601 N.W.2d at 398 (same); *State v. Anzaldo*, 2002 WL 597403 at **3-4 (Iowa Ct. App., March 13, 2002) (same). Therefore, Ground One is procedurally defaulted, and cannot be asserted in this court.

---

[9]For example, in *Benson*, the court cited *State v. Burgess*, 639 N.W.2d 564, 567 (Iowa 2001), for the proposition that a guilty plea waives the right to raise a statute of limitations claim, but then inexplicably held the issue of whether counsel was ineffective in failing to inform the defendant that the statute of limitations had expired was *not* subject to the general waiver rule, and remanded the case for a hearing on the issue.

### 3.    *Merits of Ground One*

Although the court has found that Ground One is procedurally defaulted, the court will address the merits of the claim for the convenience of the district court should it reach a different conclusion regarding procedural default.

Van Oort argues her trial counsel were ineffective because they "failed to properly investigate and explain to [her] that she had a complete defense to the charge of murder because her actions were not the proximate cause of Mr. Post's death." Doc. No. 18 at 19. As a result, she argues "her plea of guilty to Second-Degree Murder was not intelligent and was involuntary." *Id.* The State responds by pointing out that the Iowa courts never reached this issue because it was procedurally defaulted. Doc. No. 22 at 20. The State also argues that Van Oort's trial counsel were not ineffective under the standards set forth in *Strickland*. *Id.*

In *Strickland*, the Supreme Court established the following standards for proving ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). The reviewing court must determine "whether counsel's assistance was reasonable considering all the circumstances." *Id.*, 466 U.S. at 688, 104 S. Ct. at 2065. The defendant's burden is considerable, because "a court must indulge a strong presumption that counsel's conduct

falls within the wide range of reasonable professional assistance." *Id.*, 466 U.S. at 689, 104 S. Ct. at 2065.

Furthermore, even if the defendant shows counsel's performance was deficient, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066. "Representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another." *Id.*, 466 U.S. at 693, 104 S. Ct. at 2067. Thus, the prejudice prong of *Strickland* requires a petitioner, even one who can show that counsel's errors were unreasonable, to go further and show the errors "actually had an adverse effect on the defense. It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test." *Id. See Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997)). Rather, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

In short, a conviction or sentence will not be set aside "solely because the outcome would have been different but for counsel's error, rather, the focus is on whether 'counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.'" *Mansfield v. Dormire*, 202 F.3d 1018, 1022 (8th Cir. 2000) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993)).

A petitioner must satisfy both prongs of *Strickland* in order to prevail on an ineffective assistance of counsel claim. *See id.*, 466 U.S. at 687, 104 S. Ct. at 2064. It is not necessary to address the performance and prejudice prongs in any particular order,

nor must both prongs be addressed if the district court determines the petitioner has failed to meet one prong. *Id.*, 466 U.S. at 697, 104 S. Ct. at 2069. Indeed, the *Strickland* Court noted that "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." *Tokar v. Bowersox*, 198 F.3d 1039, 1046 (8th Cir. 1999) (citing *Strickland*).

In her argument in support of Ground One, Van Oort discusses in detail the evidence relating to the cause of Dick Post's death. As she points out, there is much evidence to suggest that his death was a result of natural causes. At the time of his death, he was suffering from Parkinson's and Alzheimer's diseases. He was having difficulty swallowing and had no gag reflex. The autopsy doctor reported to defense counsel, "The guy clearly died of respiratory compromise and aspiration due to food. Absent the 'confessions' of your client, I don't know how anyone would necessary [sic] determine that the man's death was intentional." He also stated that there was no indication of larynx or pharynx trauma. A doctor retained to testify for the defense in later civil litigation reported the following:

> Microscopic examination of foreign material from the stomach showed fragments of vegetable matter and refractile granular material consistent with pill fragments. Similar foreign material with pill fragments is present in the trachea and large bronchi. It is therefore my opinion that Mr. Post died as a result of complications of his Parkinson's disease with aspiration of gastric contents, or in other words food coming up from the stomach as opposed to food forced into the mouth getting stuck in the airway. No indication of force-feeding is seen.

Letter dated May 11, 2004, from Michael Ward, M.D., Doc. No. 11, ¶ D(5), Appendix in PCR Appeal at 248-49, *Van Oort v. State*, No. 05-2121 (Iowa Sup. Ct. Sept. 25, 2005). There also was some medical evidence that Mr. Post had been fed in an inappropriate manner for several days before his death and was suffering from pneumonia.

Most of this evidence was available to and considered by Van Oort's counsel when they advised her to plead guilty. In deciding whether to accept the plea agreement, counsel had to balance this evidence against the inculpatory evidence, including the defendant's detailed confessions. In those confessions, she freely and repeatedly admitted that she had killed Post. She stated Post had said things to her that had made her angry, so she decided to kill him. She had planned to kill him before she went into his room on the day of his death. When she went into his room, she became angry and shoved the food down his throat until he could no longer breathe or swallow. She ran from his room because she did not want to get caught. She said she knew what she had done was wrong, and knew that she was going to spend the rest of her life in jail. She also implicated herself in the possible murder of another person.

While there certainly was additional work defense counsel could have done to prepare for trial, Van Oort has not overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Her lawyers negotiated a plea agreement that avoided a mandatory sentence of life imprisonment with no possibility of parole, and left her with the possibility of release after thirty-five years in custody. During their testimony at the PCR hearing, defense counsel gave a convincing explanation for recommending that Van Oort accept the plea agreement and plead guilty, although their reasons for recommending that she waive the fifteen-day waiting period for sentencing were not as persuasive. Considering the record in its entirety, the court finds that Van Oort had failed to establish deficient performance under the *Strickland* standard.

Even if Van Oort were able to meet the deficient performance requirement of *Strickland*, her claim fails because she has not shown "prejudice." A *habeas* petitioner claiming ineffective assistance of counsel after a guilty plea must establish that "but for counsel's errors, (s)he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). The

record is "completely barren" of any such evidence. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

Van Oort has failed to demonstrate a reasonable probability that but for her trial counsels' allegedly ineffective performance, she would have pled not guilty. *See Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005). Van Oort also has completely failed to demonstrate that but for her trial counsels' allegedly ineffective assistance, she would not have waived the fifteen-day waiting period for sentencing and would have filed a motion in arrest of judgment.[10] Accordingly, Ground One also fails on the merits.

### C. Ground Two: Effects of Medications and Mental Illness on Guilty Plea

Van Oort alleges her trial counsel were ineffective because they did not investigate how the medications she was taking at the time of her plea, along with her mental health problems, affected her competence at the time of the plea hearing. The State makes no procedural objection to this claim, but argues that the rulings of the Iowa courts on this issue were neither contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See Williams v. Taylor*, 529 U.S. 362, 404-05, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (quoting 28 U.S.C. § 2254(d)(1-2)).

The Iowa Court of Appeals ruled on this issue as follows:

> In order to prevail on a claim of ineffective assistance of counsel, Van Oort must show (1) her trial counsel failed to perform an essential duty and (2) this omission resulted in prejudice. *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). The burden of proof lies with Van Oort to show by a preponderance of the evidence that her counsel was

---

[10]There is no evidence of anything occurring during this fifteen-day period that would have changed the decision Van Oort and her counsel made to accept the plea agreement.

ineffective. *Osborn v. State*, 573 N.W.2d 917, 922 (Iowa 1988). If Van Oort is unable to prove either element, her ineffective assistance of counsel claim must fail and we will affirm the district court. *Graves*, 668 N.W.2d at 869. We measure Van Oort's counsel against prevailing professional norms and determine whether under the totality of the circumstances, counsels' performance was within the normal range of competency. *Osborn*, 573 N.W.2d at 922. However, we avoid second-guessing counsels' trial strategies. *Ledezma v. State*, 626 N.W2d 135, 142 (Iowa 2001). If we find counsel erred, Van Oort must also show "there is a reasonable probability that, but for counsel[s'] unprofessional errors, the result of the proceeding would have been different. *State v. Voll*, 655 N.W.2d 548, 550 (Iowa Ct. App. 2002).

Essentially, Van Oort contends that due to the medications she was taking at the time she pled guilty her waiver of time for sentencing was not made knowingly and voluntarily, and her attorneys, in turn, were ineffective for allowing her to waive the time for sentencing. Here, Van Oort was represented by counsel who were aware of the medications prescribed to her and had discussed with competent doctors the potential side-effects of those drugs. The court was also well apprised of the medications Van Oort was taking and asked Van Oort whether the medications helped her to "think clearly." The court's colloquy fully covers Van Oort's mental condition and any potential effects of her medications. Furthermore, at the postconviction proceeding, Van Oort did not testify as to the effects these drugs had on her mental state, nor was testimony given indicating that an individual using these medications would be incompetent to stand trial or give a knowing and intelligent plea.

Additionally, the court adequately explained to Van Oort her right to file a motion in arrest of judgment and the results of failing to file a motion. *See State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006) (finding where the district court informed the defendant of his right to file a motion challenging a guilty plea and the consequences of waiving that right was substantial compliance and resulted in a knowing and voluntary waiver).

There is no evidence to show the attorneys failed to explain to Van Oort her rights regarding the fifteen-day waiting period for sentencing. Her counsel had legitimate reasons for advising Van Oort to waive her right to the fifteen-day waiting period. The three attorneys agreed the favorable plea agreement they had reached with the prosecutor could evaporate if sentencing was delayed. They had legitimate reasons for this concern due to significant public interest and publicity surrounding the case. [FN2] They also feared new charges would be brought against her based on statements she had made regarding another death, and additional statements she might make in jail while awaiting sentencing that could be detrimental to her interest. There is no evidence to suggest the medications Van Oort was taking affected her ability to knowingly and voluntarily waive the fifteen-day waiting period for sentencing. We conclude Van Oort has failed to prove a breach of duty by her attorneys.

> [FN2] During the plea proceedings, a protest occurred outside the courthouse by relatives of the victim objecting to the perceived lenient sentence expected in the case.

Even assuming counsel failed to perform an essential duty, we cannot conclude Van Oort suffered any prejudice. On direct appeal, this court preserved this issue for postconviction relief finding that "even a cursory investigation into Van Oort's mental health may have yielded a valid defense." Having a complete record before us now, we are aware that counsel did conduct a thorough investigation into the possibility of a defense based on Van Oort's mental state. Had Van Oort not waived the fifteen-day waiting period and had she filed a motion in arrest of judgment, there is no likelihood the plea would have been set aside. We therefore affirm.

*Van Oort II* at ** 2-3.[11] Van Oort argues this decision was (1) an unreasonable application of clearly established federal law to the facts of the case, and (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Doc. No. 18 at 31.

### 1.    *Deferential review*

In *Jones v. Wilder-Tomlinson*, 577 F. Supp. 2d 1064 (N.D. Iowa 2008), the Honorable Mark W. Bennett summarized the standards to be applied when considering a request for relief under Section 2254 of Title 28:

> Section 2254(a) states that:
>
> > a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution . . . of the United States.
>
> 28 U.S.C. § 2254(a).
>
> > * * *
>
> > Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under

---

[11]Chief Judge Rosemary Sackett dissented:

> Van Oort has shown the medications she was taking were sedating and impaired cognition and this, in combination with her mental disorders, was a significant factor in her ability to voluntarily and intelligently waive the time for sentencing and her right to file a motion in arrest of judgment. Van Oort's trial counsel was ineffective for failing to appropriately assess the impact of these medications on her competency and in recommending she waive her time to file a motion in arrest of judgment. I would reverse the district court, vacate the sentence, and give Van Oort fifteen days from the date procedendo issues to file a motion in arrest of judgment.

*Van Oort II* at * 4.

the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams v. Taylor*, 529 U.S. 362, 404-05, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (quoting 28 U.S.C. § 2254(d)(1-2)). An "unreasonable application" of federal law by a state court can occur in two ways: (1) where "the state court identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case"; or (2) where "the state court either unreasonably extends a legal principle from [Supreme] Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id*. at 407, 120 S. Ct. 1495. It is not enough that the state court applied clearly established federal law erroneously or incorrectly - the application must additionally be unreasonable. *Id*. at 411, 120 S. Ct. 1495; *see Bell v. Cone*, 535 U.S. 685, 694, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) ("an unreasonable application is different from an incorrect one."). Stated differently, a federal court may not grant the petition unless the state court decision, viewed objectively and on the merits, cannot be justified under existing Supreme Court precedent. *James v. Bowersox*, 187 F.3d 866, 869 (8th Cir. 1999).

*Id*. at 1073-74. Thus, a state court decision must be "both wrong and unreasonable" to warrant *habeas* relief. *Honeycutt v. Roper*, 426 F.3d 957, 960 (8th Cir. 2005).

Under the first category of cases falling under Section 2254(a), a state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams v. Taylor*, 529 U.S. at 405, 120 S. Ct. at 1519. The Court explained:

> Under the "contrary to" clause, a federal habeas court may
> grant the writ if the state court arrives at a conclusion opposite
> to that reached by this Court on a question of law or if the
> state court decides a case differently than this Court has on a
> set of materially indistinguishable facts.

*Id.*, 529 U.S. at 412-13, 120 S. Ct. at 1523. Further, "the phrase 'clearly established Federal law, as determined by the Supreme Court of the United States' . . . refers to the holdings, as opposed to the dicta, of [the Court's] decisions as of the time of the relevant state-court decision." *Id.*, 529 U.S. at 412, 120 S. Ct. at 1523.

The second category, involving an "unreasonable application" of Supreme Court clearly-established precedent, can arise in one of two ways. As the Court explained:

> First, a state-court decision involves an unreasonable applica-
> tion of this Court's precedent if the state court identifies the
> correct governing legal rule from this Court's cases but
> unreasonably applies it to the facts of the particular state
> prisoner's case. Second, a state-court decision also involves
> an unreasonable application of this Court's precedent if the
> state court either unreasonably extends a legal principle from
> our precedent to a new context where it should not apply or
> unreasonably refuses to extend that principle to a new context
> where it should apply.

*Id.*, 529 U.S. at 407, 120 S. Ct. at 1520 (citing *Green v. French*, 143 F.3d 865, 869-70 (4th Cir. 1998)). Thus, where a state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case," that decision "certainly would qualify as a decision 'involv[ing] an unreasonable application of . . . clearly established federal law.'" *Id*, 529 U.S. at 407-08, 120 S. Ct. at 1520. Notably,

> Under § 2254(d)(1)'s "unreasonable application" clause, then,
> a federal habeas court may not issue the writ simply because
> that court concludes in its independent judgment that the
> relevant state-court decision applied clearly established federal

> law erroneously or incorrectly. Rather, that application must
> also be unreasonable.

*Id.*, 529 U.S. at 411, 1250 S. Ct. at 1522.

If the state court decision was not contrary to clearly established Federal law, as determined by the Supreme Court of the United States, and if it did not involve an unreasonable application of that law, then the federal court must determine whether the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). State court findings of fact are entitled to a presumption of correctness. 28 U.S.C.§ (e)(1); *Tunstall v. Hopkins*, 306 F.3d 601, 604 (8th Cir. 2002).

### 2.    *Van Oort's Arguments*

Van Oort argues her trial counsel were ineffective in failing to investigate how the medications she was taking at the time of her plea, together with her mental health problems, affected her competence at the time of the plea hearing. Doc. No. 18 at 30-39. When Van Oort pled guilty, she was taking Clonazepam, Seroquel, Paxil, and Risperdal.

At the PCR hearing, a clinical psychopharmacologist testified about the effects of these medications.[12] Seroquel is sedating and slows down cognitive ability. Clonazepam has potent sedative effects and, when taken with Seroquel, may cause increased sedation and decreased cognition. Paxil may increase cognitive performance, but that effect may be counteracted by the effects of Clonazepam. Risperdal may cause sedation and impair motor skills, and when used with Seroquel, it may impair cognition.

The evidence also establishes that Van Oort has a history of serious mental illness. She received psychiatric treatment in a hospital for two weeks in 2001. Her discharge diagnoses were: (1) major depressive episode with psychotic features; (2) chronic post-traumatic stress disorder; and (3) mixed personality disorder with schizotypal, dependent,

---

[12]The witness did not examine Van Oort, nor did he conduct a review of her medical records or consult with her treating doctors.

and obsessive-compulsive personality traits. She also suffered from auditory hallucinations and a substantial impairment of reality testing capacity. She saw a psychologist forty-four times between her release from the hospital and the date of Mr. Post's death. At the PCR hearing, Van Oort's doctor testified there was a possibility that she was not able to differentiate between what was reality and what was not reality, and he had questions about whether her admissions concerning Mr. Post's death were accurate.

Van Oort was hospitalized again for four days in April 2002, and was discharged with diagnoses of post-traumatic stress disorder, adjustment disorder with anxious mood, severe mixed personality disorder, and significant psychosocial stressors.

A forensic psychiatrist retained by the defense for testimony concerning possible psychiatric defenses and competency issues testified at the PCR hearing. He had evaluated Van Oort six months before she entered her guilty plea. In his opinion, she was competent to stand trial. When he learned she had been offered a plea agreement under which the charge against her would be reduced to second-degree murder, he advised her counsel that, given his opinions, it would be beneficial for her to accept the offer.

### 3. *Merits of Ground Two*

Van Oort claims that in ruling against her on this issue, the Iowa courts (a) unreasonably applied clearly established federal law to the facts of the case, and (b) based their decision on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Doc. No. 18 at 31.

#### a. *Unreasonable application of established federal law*

The question of whether the Iowa courts unreasonably applied clearly-established federal law to the facts of the case is a simple one to answer. The final ruling of the Iowa courts on Ground Two was the decision of the Iowa Court of Appeals in *Van Oort II*. Except for briefly mentioning *Strickland*, *see* Doc. No. 18 at 39, Doc. No. 25 at 14,

Van Oort has failed to cite a single rule of federal law she claims was applied unreasonably by the Iowa Court of Appeals.

A state court's decision is "contrary to" clearly-established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 412-13, 120 S. Ct. at 1523. Although, in deciding the case, the Iowa Court of Appeals relied on the state cases of *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003), and *Osborn v. State*, 573 N.W.2d 917, 922 (Iowa 1988), rather than federal authorities, the principles announced in those cases are identical to the principles established in *Strickland* and the Supreme Court decisions applying *Strickland*.

Van Oort has failed to establish that the Iowa Court of Appeals ruled on Ground Two based on an unreasonable application of federal law as determined by the United States Supreme Court. *See id.*, 529 U.S. at 405, 120 S. Ct. at 1519. Therefore, she has failed to establish that the court's decision was contrary to federal law.

### b. *Unreasonable determination of the facts in light of the evidence*

Van Oort also claims the Iowa Court of Appeals based its ruling on Ground Two on an unreasonable determination of the facts in light of the evidence. However, she has not even attempted to show which of the court's factual determinations were unreasonable. In fact, in her briefs to this court, she has not even taken issue with the state courts' factual findings. Her claim consists largely of a summarization of the evidence presented during the PCR proceedings, and an argument that the state courts should have decided Ground Two differently.

The evidence admitted in the PCR proceedings establishes that when Van Oort pled guilty, she had serious mental health problems. She also was on a variety of medications to treat those problems, and some of those medications had potential side effects that might

have affected her competence to plead guilty. However, the evidence also establishes that her lawyers were aware she had mental health problems, and they knew her medications had side effects. They nevertheless believed that she was competent to plead guilty, and that her medications helped her. Nothing in the PCR record establishes that the Iowa courts were unreasonable when they found that Van Oort's counsel were not ineffective when they reached this conclusion.

The Iowa Court of Appeals observed, "[A]t the postconviction proceeding, Van Oort did not testify as to the effects these drugs had on her mental state, nor was testimony given indicating that an individual using these medications would be incompetent to stand trial or give a knowing and intelligent plea." *Van Oort II* at 2. There simply is no evidence in the PCR record that Van Oort's mental health problems or her medications, separately or in combination, rendered her incompetent to plead guilty.

Van Oort has failed to establish that the Iowa courts unreasonably determined the facts in light of the evidence on this issue. Therefore, she is not entitled to relief on Ground Two.

## III. CONCLUSION

For the reasons discussed above, **IT IS RESPECTFULLY RECOMMENDED**, unless any party files objections[13] to the Report and Recommendation in accordance with 28 U.S.C. § 636 (b)(1)(C) and Fed. R. Civ. P. 72(b), within ten (10) days of the service

---

[13]Objections must specify the parts of the report and recommendation to which objections are made. Objections must specify the parts of the record, including exhibits and transcript lines, which form the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to file timely objections may result in waiver of the right to appeal questions of fact. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L. Ed. 2d 435 (1985); *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

of a copy of this Report and Recommendation, that Van Oort's application for writ of habeas corpus be **denied**.

**IT IS SO ORDERED.**

**DATED** this 25th day of February, 2009.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT